## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **LARRY L. SEARS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | **Civil Action No. _____** |
| **ZIONS BANCORPORATION, N.A.** § | |
| **f/k/a ZB, N.A.** § | |
| **d/b/a AMEGY BANK OF TEXAS** § | |
| § | |
| § | |
| **Defendant.** § | |

## APPENDIX TO DEFENDANT'S NOTICE OF REMOVAL

Defendant Zions Bancorporation, N.A. f/k/a ZB, N.A. d/b/a Amegy Bank of Texas, files

this Appendix to its Notice of Removal, which contains the following items:

| EXHIBIT | APPENDIX PAGES | DOCUMENT |
|---|---|---|
| A | 1-20 | Index of Pleadings Filed in State Court |
| B | 21-22 | Declaration of Rena Miller |

DATED:       November 25, 2019.

Respectfully submitted,

/s/ Michael R. Buchanan
Michael R. Buchanan
Texas Bar No. 03288300
michael.buchanan@ogletree.com
Jamie Ashton
Texas Bar No. 24087211
jamie.ashton@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
214-987-3800
214-987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true copy of this paper has been forwarded by a method prescribed by the Texas Rules of Civil Procedure, on this 15th day of November 2019, to:

Christine Neill
christine@nlcemployeelaw.com
Jane Legler
jane@nlcemployeelaw.com
Kyla Gail Cole
kyla@nlcemployeelaw.com
Neill Legler Cole PLLC
3141 Hood Street, Suite 200
Dallas, Texas 75219

/s/ Michael R. Buchanan
Michael R. Buchanan

40860212.1

2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY L. SEARS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ZIONS BANCORPORATION, N.A.** | § | **Civil Action No. _____** |
| **f/k/a ZB, N.A.** | § | |
| **d/b/a AMEGY BANK OF TEXAS** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF PLEADINGS FILED IN STATE COURT

| | **DOCUMENT NAME** | **DATED** |
|---|---|---|
| 1. | State Court Docket Sheet | |
| 2. | Plaintiff's Original Petition and Jury Demand | 10/08/2019 |
| 3. | Citation Issued to Zions Bancorporation, N.A. | 10/09/2019 |
| 4. | Affidavit of Service | 10/31/2019 |
| 8. | Defendant's Original Answer and Defenses | 11/15/2019 |

40859662.1

---

**INDEX OF PLEADINGS FILED IN STATE COURT**                                     **Solo Page**

## Case Information

DC-19-16343 | LARRY L SEARS vs. ZIONS BANCORPORATION, N.A.

Case Number
DC-19-16343
File Date
10/08/2019

Court
68th District Court
Case Type
EMPLOYMENT

Judicial Officer
HOFFMAN, MARTIN
Case Status
OPEN

## Party

PLAINTIFF
SEARS, LARRY L

Address
3141 HOOD STREET
SUITE 200
DALLAS TX 75219

Active Attorneys ▾
Lead Attorney
NEILL, CHRISTINE N
Retained

DEFENDANT
ZIONS BANCORPORATION, N.A.

Aliases
*FKA* ZB, N.A.
*DBA* AMEGY BANK OF TEXAS
Address
CEO STEVE STEPHENS
AMERGY TOWERS
1717 WEST LOOP SOUTH
HOUSTON TX 77027

Active Attorneys ▾
Lead Attorney
BUCHANAN, MICHAEL R
Retained

APP 1

## Events and Hearings

10/08/2019 NEW CASE FILED (OCA) - CIVIL

10/08/2019 ORIGINAL PETITION ▼

ORIGINAL PETITION

10/08/2019 CASE FILING COVER SHEET ▼

COVER SHEET

10/09/2019 JURY DEMAND ▼

JURY DEMAND

10/09/2019 ISSUE CITATION ▼

ISSUE CITATION - ZIONS BANCORPORATION, N.A. - ESERVE

    Comment
    ESERVE

10/23/2019 CITATION ▼

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/31/2019
Comment
ZIONS BANCORPORATION, N.A. - ESERVE

10/31/2019 RETURN OF SERVICE ▼

EXECUTED CITATION - ZIONS BANCRPORATION NA

    Comment
    EXECUTED CITATION - ZIONS BANCRPORATION NA

11/15/2019 ORIGINAL ANSWER - GENERAL DENIAL ▼

Original Answer and Defenses.pdf

12/09/2019 DISMISSAL FOR WANT OF PROSECUTION ▼

**APP 2**

Dismissal Notice

Dismissal Notice

Judicial Officer
HOFFMAN, MARTIN

Hearing Time
8:58 AM

Comment
1ST SETTING ON DWOP - DEFT HAS BEEN SERVD MLD NTC TO PLT ATTY

## Financial

SEARS, LARRY L
    Total Financial Assessment                                  $340.00
    Total Payments and Credits                               $340.00

| 10/9/2019 | Transaction Assessment | | | $340.00 |
|-----------|------------------------|--------------------------------|-------------------|-------------|
| 10/9/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 69602-2019-DCLK | SEARS, LARRY L | ($340.00) |

## Documents

ORIGINAL PETITION

COVER SHEET

JURY DEMAND

ISSUE CITATION - ZIONS BANCORPORATION, N.A. - ESERVE

EXECUTED CITATION - ZIONS BANCRPORATION NA

Dismissal Notice

Dismissal Notice

Original Answer and Defenses.pdf                                    **APP 3**

APP 4

DALLAS COUN
10/8/2019 1:12 F
FELICIA PITI
DISTRICT CLEI

Marcus Turner

CAUSE NO. DC-19-16343
_____

| | | |
|---|---|---|
| LARRY L. SEARS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ZIONS BANCORPORATION, N.A. | § | |
| f/k/a ZB, N.A. | § | |
| d/b/a AMEGY BANK OF TEXAS | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

The plaintiff, Larry L. Sears ("Plaintiff" or "Sears"), complains of Zions Bancorporation,

N.A. d/b/a Amegy Bank of Texas ("Defendant" or "Amegy Bank"), as follows:

1.     Discovery in this action is intended to be conducted under Level 2 pursuant to

TEX. R. CIV. P. 190.

2.     Sears is a natural person and a resident of Dallas County, Texas.

3.     Defendant employed Sears at Defendant's Dallas offices located at 2501 North

Harwood, Dallas, Texas 75201 in Dallas County and this action accrued in whole or in part at

that place of business.

4.     Defendant Zions Bancorporation, N.A. formerly known as ZB, N.A., d/b/a

Amegy Bank of Texas, is a financial institution with its principal place of business at Amegy

Towers, 1717 West Loop South, Houston, Texas 77027.

5.     Defendant Zions Bancorporation, N.A. f/k/a ZB, N.A., d/b/a Amegy Bank of

Texas, can be served with process by serving its CEO, Steve Stephens, at Amegy Towers, 1717

West Loop South, Houston, Texas 77027.

Plaintiff's Original Petition and Jury Demand – Page 1

APP 5

6. At times material to this action, until on or about April 30, 2018, Defendant employed Sears as a Senior Vice President Relationship Manager.

7. Venue is proper in this district because this action accrued in whole or in part at Defendants' place of business in Dallas County, Texas, where Sears was subjected to unlawful employment practices.

8. This is a proceeding for legal and equitable relief, and compensatory and punitive damages, to secure the rights of Sears under the laws of the State of Texas.

9. Jurisdiction is invoked pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA), as amended, Texas Labor Code §21.001 *et. seq.*

10. Jurisdiction is further invoked pursuant to §451.001 of the Texas Labor Code.

11. The matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

### STATEMENT OF FACTS

12. In 2012, Sears (currently age 65) began working for Defendant as a Senior Vice President Relationship Manager in its Dallas Energy Group.

13. Sears was the oldest employee in any of Defendant's energy groups.

14. Sears' primary roles were portfolio management and business development, and he initially reported to Dallas Energy Group SVP and Manager Terry McCarter.

15. From Sears' hire until 2017, the Dallas Energy Group had three Senior Vice Presidents reporting to the manager of that group.

16. Sears had good performance, and McCarter represented to Sears throughout his employment that he was being groomed to become the next Dallas Energy Group Manager. McCarter represented to Sears that record of this existed in Defendant's formal succession plan.

Plaintiff's Original Petition and Jury Demand — Page 2

17.     However, upon the departure of McCarter from the company in 2017, the Dallas Energy Group including Sears were advised that they would report to Executive Vice President Energy Steve Kennedy, substantially younger than Sears.

18.     Nevertheless, Defendant had Sears perform many of the duties of the former Dallas Energy Group Manager.  Defendant failed to promote him or increase his compensation commensurate with the role.

19.     Kennedy avoided interaction with Sears and exhibited a resistance to interfacing with Sears.

20.     In early 2018, Kennedy promoted a vice president, J.B. Askew (age 32), substantially younger and less experienced than Sears, to Senior Vice President in the Dallas Energy Group.

21.     At or around that same time, Kennedy promoted two other employees, Matt Lang (to a Vice President role) and Jack Bush (to an Assistant Vice President role).  Both were substantially younger than Sears.

22.     In March 2018, Sears was injured at work when he tripped on a drawer in a cubicle that had come open without Sears' knowledge, causing him to fall and significantly injure his wrist.

23.     Sears filed a worker compensation claim through Defendant, which was granted, and underwent rehabilitation on his wrist for several months.

24.     Following the injury, Sears had to wear a wrist brace to work.

25.     On or about April 3, 2018, Kennedy negatively evaluated the performance of Sears.  The negative evaluation was unjustified and was not substantiated.  This is the first evaluation Sears had received at Defendant.

Plaintiff's Original Petition and Jury Demand – Page 3

26.    On April 30, 2018, Defendant, specifically Steve Kennedy advised Sears that he was terminated, not for performance, but due to the elimination of his position. Kennedy stated the position elimination was so that Defendant could hire a manager for the Dallas Energy Group.

27.    Upon information and belief, Sears has been replaced in his job duties by younger employees including the substantially younger J.B. Askew promoted by Kennedy.

28.    Upon information and belief, in 2019, the Dallas Energy Group began reporting to Scott Collins, also substantially younger than Sears.

## TCHRA AGE DISCRIMINATION CLAIM

29.    Sears is over forty years of age. Sears is therefore a member of protected age group within the meaning of the TCHRA.

30.    At all times material to this action, Amegy Bank employed at least fifteen (15) employees and is an employer within the meaning of the TCHRA.

        A.    Amegy Bank employs more than 100 employees;
        B.    Amegy Bank employs more than 200 employees;
        C.    Amegy Bank employs more than 500 employees.

31.    All conditions precedent to the filing of this suit have been met:

        A.    On August 15, 2018, Sears timely filed a charge of discrimination, Charge No. 450 2018 06561, with the Equal Employment Opportunity Commission and Texas Workforce Commission ("TWC") naming Amegy Bank and alleging age discrimination.

        B.    On March 25, 2019, Sears received a right to sue from the EEOC. More than 180 days but no more than two years have passed since the dual filing of the charge of discrimination.

32.    Sears alleges that Defendant, through their agents, supervisors, and/or employees, engaged in a continuing course of discriminatory conduct in the terms, conditions, and privileges

Plaintiff's Original Petition and Jury Demand -- Page 4

**APP 8**

of employment, throughout his employment up to and including his termination, because of his age, in violation of the TCHRA; Defendants subjected Sears to less favorable working conditions than those to which younger employees were subjected, including in failing to apply employee performance review and compensation standards equally. Defendant terminated Sears' employment. Sears was replaced in his position and/or job duties by a substantially younger person.

33. Defendants engaged in the conduct described above with malice or reckless indifference to the TCHRA employment rights of its employees including Sears.

34. Sears has no plain or adequate remedy at law to correct the wrongs complained and thus institutes this suit for declaratory and injunctive relief. Further, Sears is now suffering and will continue to suffer irreparable injury from Defendants' willful policies, practices, customs and usages.

## TEXAS LABOR CODE § 451.001 RETALIATION CLAIM

35. Defendant discharged Plaintiff on April 30, 2018 or discriminated against him in violation of § 451.001 of the Texas Labor Code because he filed a workers' compensation claim in good faith, instituted or caused to be instituted a workers' compensation claim in good faith and/or testified or was prepared to testify in a workers' compensation proceeding. Defendant would not have terminated Plaintiff's employment when it did, had Plaintiff not engaged in an activity protected under § 451.001 of the Texas Labor Code.

36. Defendant's conduct toward Plaintiff caused emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses, for which Plaintiff seeks past and future compensatory damages.

Plaintiff's Original Petition and Jury Demand – Page 5

37.    Defendant engaged in the conduct described above with malice, or purpose to injure another, resulting in harm to Plaintiff. Plaintiff therefore seeks exemplary damages.

## RELIEF REQUESTED

38.    Sears requests that this Court grant him monetary relief over $200,000 but less than $1,000,000 from Defendant, and specifically as follows:

  A. A declaratory judgment, declaring Defendant's past practices herein complained of to be unlawful under the TCHRA and § 451.001 of the Texas Labor Code;

  B. A permanent injunction, enjoining Defendant from continuing to discriminate against Sears in violation of the TCHRA;

  C. Damages for the discriminatory treatment, including all back pay, front pay, bonus or incentives, stock, reinstatement, retroactive seniority, promotions to which Sears would otherwise have been entitled, and all other employee benefits including health, disability, pension and life insurance benefits to which he would otherwise have been entitled and any other relief necessary to compensate him under the TCHRA and § 451.001 of the Texas Labor Code;

  D. Compensatory and punitive damages for the violation of rights under the TCHRA and § 451.001 of the Texas Labor Code in the maximum amount prescribed by law;

  E. Implementation of effective training for all of Defendant's managers and employees as to employment discrimination including age discrimination, and as to retaliation;

  F. Attorney fees necessary for the prosecution of the TCHRA and § 451.001 of the Texas Labor Code claims;

  G. Costs in this action, including expert witness fees;

  H. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

  I. Such other general relief to which Sears is justly entitled.

## JURY DEMAND

38.     Sears demands a jury on all claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,

/s/ Christine Neill
Christine Neill
Texas Bar No. 00796793
Jane Legler
Texas Bar No. 03565820
Kyla Gail Cole 24033113
Texas Bar No.
Neill Legler Cole PLLC
3141 Hood Street, Suite 200
Dallas, Texas 75219
(214) 748-7777
(214) 748-7778 (facsimiles)
chrisitne@nlcemployeelaw.com

Attorneys for Plaintiff

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To: ZIONS BANCORPORATION, N.A. f/k/a ZB, N.A. d/b/a AMEGY BANK OF TEXAS
BY SERVING ITS CEO STEVE STEPHENS
**AMERGY TOWERS**
**1717 WEST LOOP SOUTH**
**HOUSTON TX 77027**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and **petition**, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LARRY L SEARS**

Filed in said Court **8th day of October, 2019** against

**ZIONS BANCORPORATION, N.A. f/k/a ZB, N.A. d/b/a AMEGY BANK OF TEXAS**

For Suit, said suit being numbered **DC-19-16343**, the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of October, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Carlena Bouligny_ , Deputy
CARLENIA BOULIGNY

APP 12

---

**ESERVE**

**CITATION**

**DC-19-16343**

**LARRY L SEARS**
Vs.
**ZIONS BANCORPORATION, N.A.**

ISSUED THIS
**23rd day of October, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
CHRISTINE N NEILL
3141 HOOD STREET
SUITE 200
DALLAS TX 75219
214-748-7777
benita@nlcemployeelaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-19-16343

Court No.68th District Court

Style: LARRY L SEARS

Vs.

ZIONS BANCORPORATION, N.A.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed

at _____, within the County of _____ at _____ o'clock _____ .M.

on the _____ day of _____, 20_____, by delivering to the within

named _____

Each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date
of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify
which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of _____County, _____ |  |
| For Notary | $_____ | by _____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____,

20_____, to certify which witness my hand and seal of office.

Notary Public _____County_____

FILED
DALLAS COUNTY
10/31/2019 5:01 PM
FELICIA PITRE
DISTRICT CLERK

Felicia Pitre

## <u>AFFIDAVIT OF SERVICE</u>

**State of Texas**               **County of DALLAS**          **68th Judicial District Court**

Case Number: DC-19-16343

Plaintiff:
**LARRY L SEARS**

vs.

Defendant:
**ZIONS BANCORPORATION, N.A.**

Received these papers on the 23rd day of October, 2019 at 1:04 pm to be served on **ZIONS BANCORPORATION, N.A. F/K/A ZB, N.A F/K/A AMEGY BANK OF TEXAS BY DELIVERING TO ITS CEO STEVE STEPHENS, AMERGY TOWERS, 1717 WEST LOOP SOUTH, HOUSTON, HARRIS COUNTY, TX 77027.**

I, GARY F. HODGES, being duly sworn, depose and say that on the **28th day of October, 2019 at 2:27 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **CITATION, PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** with the date and hour of service endorsed thereon by me, to: **TAKISHA K. JOHNSON as AUTHORIZED AGENT FOR SERVICE** at the address of: **AMERGY TOWERS, 1717 WEST LOOP SOUTH, HOUSTON, HARRIS COUNTY, TX 77027,** who stated they are authorized to accept service for **ZIONS BANCORPORATION, N.A. F/K/A ZB, N.A F/K/A AMEGY BANK OF TEXAS BY DELIVERING TO ITS CEO STEVE STEPHENS,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 36, Sex: F, Race/Skin Color: Black, Height: 5'3", Weight: 140, Hair: Black, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.


**GARY F. HODGES**
PSC# 10084 - EXP: 12/31/2020

Subscribed and Sworn to before me on the 28th day of October, 2019 by the affiant who is personally known to me.

Our Job Serial Number: DNE-2019001145
Ref: 2960304

_____
NOTARY PUBLIC



DONNIE DENKINS MORELAND, SR.
Notary Public, State of Texas
Comm. Expires 03-10-2023
Notary ID 125315149

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

APP 14

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To: ZIONS BANCORPORATION, N.A. f/k/a ZB, N.A. d/b/a AMEGY BANK OF TEXAS
    BY SERVING ITS CEO STEVE STEPHENS
    AMERGY TOWERS
    1717 WEST LOOP SOUTH
    HOUSTON TX 77027

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the 68th District Court at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being LARRY L SEARS

Filed in said Court 8th day of October, 2019 against

ZIONS BANCORPORATION, N.A. f/k/a ZB, N.A. d/b/a AMEGY BANK OF TEXAS

For Suit, said suit being numbered DC-19-16343, the nature of which demand is as follows:
Suit on EMPLOYMENT etc. as shown on said petition, a copy of which accompanies this citation. If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of October, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Carlenia Bouligny_ , Deputy
    CARLENIA BOULIGNY

APP 15

---

**ESERVE**

**CITATION**

DC-19-16343

**LARRY L SEARS**
Vs.
**ZIONS BANCORPORATION, N.A.**

ISSUED THIS
23rd day of October, 2019

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
CHRISTINE N NEILL
3141 HOOD STREET
SUITE 200
DALLAS TX 75219
214-748-7777
benita@nlcemployeelaw.com

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN

Case No. : DC-19-16343

Court No.68th District Court

Style: LARRY L SEARS

Vs.

ZIONS BANCORPORATION, N.A.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed

at _____, within the County of _____ at _____ o'clock _____ .M.

on the _____ day of _____, 20_____, by delivering to the within

named _____

Each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | | |
|---|---|---|---|---|
| For serving Citation | $_____ | | | |
| For mileage | $_____ | of _____ County, _____ | | |
| For Notary | $_____ | by _____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____,

20_____, to certify which witness my hand and seal of office.

Notary Public _____ County_____

FILED
DALLAS COUNTY
11/15/2019 10:32 AM
FELICIA PITRE
DISTRICT CLERK
Loaidi Grove

## NO. DC-19-16343

| | | |
|---|---|---|
| **LARRY L. SEARS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **68TH JUDICIAL DISTRICT** |
| **ZIONS BANCORPORATION, N.A.** | § | |
| **f/k/a ZB, N.A.** | § | |
| **d/b/a AMEGY BANK OF TEXAS** | § | |
| | § | |
| *Defendant.* | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

Defendant Zions Bancorporation, N.A. ("Defendant") files its Original Answer and Defenses to Plaintiff Larry L. Sears's ("Plaintiff") Original Petition and respectfully shows the Court the following:

### I.     GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the Petition and any amendment or supplement thereto, and demands strict proof thereof in accordance with Texas law. With respect to any claim by Plaintiff for exemplary damages, Defendant demands strict proof thereof by clear and convincing evidence. Defendant denies that, among other things, any items of special damage have occurred.

### II.     AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant asserts the following defenses, including affirmative defenses, as follows:

1.     To the extent Plaintiff's claims were not submitted to either the EEOC or the TWC in a timely manner, Plaintiffs claims are barred totally or in part by the applicable statute of limitations.

**APP 17**

2.     To the extent Plaintiff failed to timely file suit after receiving a right-to-sue letter from the EEOC, TWC, or both, Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.     To the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC, Plaintiff's claims are barred totally or in part.

4.     To the extent Plaintiff failed to exhaust administrative remedies, Plaintiff's claims are barred totally or in part.

5.     All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory reasons.

6.     At all times during Plaintiff's employment, he was employed at will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

7.     Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions, or failure to act, and not to Defendant's conduct.

8.     Defendant denies that Plaintiff suffered any legal damages. To the extent Plaintiff claims damages, and to the extent Plaintiff has failed to mitigate, Plaintiff may not recover damages.

9.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the damage caps and/or limits to punitive/exemplary or liquidated damages under the United States Constitution, Texas Labor Code § 21.2585, Chapter 21 of the Texas Labor Code, Texas Civil Practice & Remedies Code § 41.008, and all other applicable state or federal laws.

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES**

10.    Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

11.    Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

12.    If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees or agents against Plaintiff (which Defendant denies), they were outside the course and scope of that employee or agent's employment or relationship with Defendant, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

13.    Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

14.    Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

15.    Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

Respectfully submitted,

*/s/Michael R. Buchanan*
Michael R. Buchanan
Texas Bar No. 03288300
michael.buchanan@ogletree.com
Jamie Ashton
Texas Bar No. 24087211
jamie.ashton@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Preston Commons West
8117 Preston Road, Suite 500
Dallas, Texas 75225
214-987-3800
214-987-3927 (Fax)

## ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true copy of this paper has been forwarded by a method prescribed by the Texas Rules of Civil Procedure, on this 15th day of November 2019, to:

Christine Neill
christine@nlcemployeelaw.com
Jane Legler
jane@nlcemployeelaw.com
Kyla Gail Cole
kyla@nlcemployeelaw.com
Neill Legler Cole PLLC
3141 Hood Street, Suite 200
Dallas, Texas 75219

*/s/ Michael R. Buchanan*
Michael R. Buchanan

40675473.1

**APP 20**

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY L. SEARS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | **Civil Action No.** _____ |
| **ZIONS BANCORPORATION, N.A.** | § | |
| **f/k/a ZB, N.A.** | § | |
| **d/b/a AMEGY BANK OF TEXAS** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF RENA MILLER

My name is Rena Miller. I am over 18 years of age and am in all ways competent to make this declaration. I make this declaration based on my personal knowledge or on records made and kept in the ordinary course of business of Zions Bancorporation, N.A. ("Zions") to which I have access.

1.      I am employed by Zions and am an Assistant Corporate Secretary.

2.      In 2015, Zions consolidated its bank charters into one legal entity, Zions Bancorporation, N.A. At that time, Amegy Bank of Texas ceased to be a separate legal entity. Upon consolidation in 2015, Mr. Sears became an employee of Defendant Zions.

3.      In his Original Petition, Plaintiff Larry L. Sears alleges that Zions engaged in discriminatory conduct in 2017 and 2018, long after Amegy Bank of Texas ceased to be a separate legal entity.

4.      In paragraph 4 of Mr. Sears' Original Petition, Mr. Sears mistakenly alleges that Defendant Zions Bancorporation, N.A. maintains its principal place of business in Houston, Texas. This allegation is incorrect. At all times since the consolidation referenced above, and as stated in

**APP 21**

its articles of association, Zions has maintained its main office and principal place of business in Salt Lake City, Utah.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2019.

Rena Miller

40754666.1

**Declaration of Rena Miller**